STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET No. CV-02-237
AMM-PEN-2/11/2004

FILED & ENTERED
SUPERIOR COURT

FEB 11 2004

PENOBSCOT COUNTY

CITIZENS COMMUNICATIONS
COMPANY,

)
)
)
)
Plaintiff )
)
v. )
)
AMERICAN HOME ASSURANCE )
COMPANY, et al., )
)
)
)
Defendant )

DECISION AND
ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 8 2004

This matter is before the Court on the Defendant's, International Insurance Company's[1], **(herein, "International")** Motion to Dismiss the Plaintiff's, Citizens Communications Company's **(herein, "Citizens")** Complaint for Failure to State a Claim pursuant to Rule 12(b)(6) of the Maine Rules of Civil Procedure.

## Background

On November 22, 2002, the City of Bangor, Maine commenced suit[2] in the U.S. District Court against Citizens for alleged property damage and diminution of property value from contamination involving materials stored, generated, or disposed of by Citizens at its former manufacturing gas plant in Bangor. The City of Bangor seeks money damages, injunctive relief, and declaratory relief claiming Citizens is responsible for pollution of the Penobscot River from 1851 to 1963. This suit is still pending.

On December 27, 2002, Citizens filed this suit in the Penobscot Superior Court against twenty insurance companies, which (allegedly) issued either primary or excess

---

[1] Now known as TIG Insurance Company.
[2] City of Bangor, Maine v. Citizens Communications Co., Civil Action Docket No. 02-183-13-5 (U.S. Dist. Me., filed Nov. 22, 2002).

1

insurance policies to Citizens, or its predecessor entities, from 1940 through 1986. Citizens seeks a declaration of coverage and an award of money damages regarding the Insurers' defense and indemnity obligations under the primary and excess comprehensive general liability insurance policies as they relate to Citizens' actual and potential liabilities arising from the environmental claims asserted against them in the underlying suit.

The present motion concerns only one of the insurers, International, an excess carrier that Citizens alleges to have provided coverage for damages and costs it incurred, which have arisen out of property damage, diminution of property value and personal injury associated with Citizens' former manufactured gas plant in Bangor. International sold three excess liability insurance policies (policy numbers XSI6244, XDI7469, and CUXO6905-82) to Citizens covering the period from June 1, 1980 to June 1, 1983. Citizens alleges that International has failed or refused to honor its policy obligations by providing defense and indemnity coverage with respect to the underlying suit and claims against Citizens regarding its former manufactured gas plant in Bangor.

International seeks to be dismissed from this lawsuit arguing that according to the terms of the three excess insurance policies at issue, it has no duty to defend Citizens in the underlying suit, and that the question of whether it will eventually have a duty to indemnify Citizens is premature and not justiciable at this time. Citizens responds by arguing that it is entitled to have its insurers defend the underlying environmental action brought by the City of Bangor because the allegations of the complaint, along with the terms of the insurance policies, create a potential for liability, thus triggering a duty to

2

defend and indemnify. Citizens further asserts that interests if judicial efficiency and economy weigh heavily against granting International a dismissal without prejudice.

## Discussion

### A. Standard of Review.

A civil action may be dismissed when the complaint fails to state a claim upon which relief can be granted. M.R.Civ.P. 12(b)(6). Such a motion tests the legal sufficiency of the plaintiff's complaint, Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995), and not the sufficiency of the evidence the plaintiff is likely able to present. Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993). The allegations of the complainant are viewed as true for purposes of the motion and cast in a light most favorable to the plaintiff. In re Wage Payment Litigation, 2000 ME 162, ¶3, 752 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. Thompson v. Department of Inland Fisheries and Wildlife, 2002 ME 78, ¶4, 796 A.2d 674.

### B. Applicable Law.

#### 1. Duty to Defend

Environmental or pollution claims that involve continuous or progressive injuries or losses, which span over several policy periods, provide a good example of continuous losses that are problematic and burden our courts as well as the insured and insurer. This is because standard insurance policy provisions do not neatly fit the complex factual scenarios presented by losses that span years or under the circumstances of the case at

3

hand, decades. This type of continuous loss "triggers"[3] multiple insurance policies, including the three excess insurance policies provided by International to Citizens from 1980 to 1982.

The Law Court has identified two separate but interrelated duties: (1) the duty to defend; and (2) the duty to indemnify. Ordinarily when an insurer challenges the extent of the coverage provided by the insurance policy, these two duties are analyzed separately. American Home Assurance Co. v. Ingeneri, 479 A.2d 897, 898 (Me. 1984). Whether an insurer has a duty to defend its insured against a complaint brought by a third party is a question of law. Northern Security Ins. Co., Inc., v. Dolley, 669 A.2d 1320 (Me., 1996).

Under Maine law, the duty to defend is determined more or less mechanically by comparing the allegations in the underlying lawsuit (here, the City of Bangor's Complaint) with the insurance policy to determine if "there exists any legal or factual basis which could be developed at trial which would obligate the insurers to pay under the policy." United Bank v. Chicago Title Ins. Co., 168 F.3d 37, 39 (1st Cir., 1999) (citing NE Properties, Inc. v. Chicago Title Ins. Co., 660 A.2d 926, 927 (Me. 1995) (citations omitted)). This comparison test is based "exclusively on the facts as alleged rather than

---

[3] "Triggering" occurs when a loss implicates a policy's coverage, subject to the policy's terms and exclusions, and any other coverage defenses the insurer may raise. See Public Service Co. of Colorado v. Wallis & Cos., 986 P.2d 924, 937, n. 11 (Colo. 1999); Montrose Chemical Corp. v. Admiral Ins. Co., 913 P.2d 878 (CA 1995); Rubenstein v. Royal Ins. Co., 694 NE2d. 381, 387, n. 6 (Mass. App. Ct. 1999) aff'd, 708 NE2d. 639 (Mass. 1999). Most courts now employ the "continuous trigger," by triggering any policy on the risk at any time the continuing loss occurred, and requiring the insurers of those triggered policies to either prepare to defend or to prepare to pay up to its policy limits. See Douglas R. Richmond, Rights and Responsibilities of Excess Insurers, 78 DENV. U.L. REV. 29, 77-79 (2000) (citing Public Service Co. of Colo., 986 P.2d at 938, n. 12; Sentinel Ins. Co. v. First Ins. Co. of Haw., 875 P.2d 894, 915 (Haw. 1994)); see also, e.g., Keene Corp. v. Ins. of North America, 667 F.2d 1034, 1041 (D.C. Cir. 1981); New Castle County v. Hartford Accident & Indemnity Co., 933 F.2d 1168 (3d Cir. 1991); Owens Illinois Inc. v. United Ins. Co., 650 A.2d 974, 995 (N.J. 1994); J.H. France Refractories Co. v. Allstate Ins. Co., 626 A.2d 502, 507 (Pa. 1993); Hartford County v. Hartford Mutual Ins. Co., 610 A.2d 286, 294-95 (Md. 1992).

on the facts as they are." American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247, 249 (Me. 1977). A duty to defend exists if there is a "*potential* shown in the complaint that the facts ultimately proved may come within coverage . . ." Merrimack Mutual Fire Ins. Co. v. Brennan, 534 A.2d 353, 354 (Me. 1987). In applying this comparison test, the Courts in Maine seek to discourage mini-trials on the issue of the duty to defend. Maine Bonding & Casualty Co. v. Douglas Dynamics, Inc., 594 A.2d 1079, 1080 (Me. 1991).

In bringing a declaratory action against its primary and excess insurers, Citizens contends that the insurance policies at issue in this present motion create a duty on behalf of International to defend and indemnify it in the underlying litigation. International, as the party that brought this motion to dismiss, has the burden of proving that the underlying litigation is not within the policies' coverage when it declined to defend Citizens' claim. Elliot v. Hanover Ins. Co., 1998 ME 138, ¶11, 711 A.2d 1310 (*citing* Polaroid Corp. v. Travelers Indemnity Co., 610 N.E.2d 912, 922 (Mass. 1993)).

The duty to defend is based on the insurance contract. Any doubts as to the insurer's duty to defend raised by the underlying complaint will be resolved in the insured's favor. *See e.g.*, Ritter v. United States Fid. & Guar. Co., 434 F. Supp. 1127, 1129-30 (D. Ark. 1977) (stating, "[i]f there is a question as to whether insurer has a duty to defend, the cardinal rule is that any doubt will be resolved in favor of the insured."); L. Ray Packing Co. v. Commercial Union Ins. Co., 469 A.2d 832, 833 (Me. 1983) (finding that when dealing with pleadings that are vague, indefinite or ambiguous, the insurer has a duty to defend the insured, at least until the pleadings are clarified). Citizens did attach a copy of the underlying complaint; however, the Court does not know the terms of the

excess insurance policies at issue. In the absence of the insurance policies to show otherwise, the Court will accept Citizens' allegations as true in this motion to dismiss. Thus, without knowing the terms of the insurance policies at issue, it would be premature for the Court to determine whether International has a duty to defend on this motion to dismiss.

Furthermore, a motion to dismiss is not the proper vehicle to make a determination, even a preliminary one, of the substantive merits. Rather, the declaratory judgment process is the better practical and efficacious means to resolve disputes over insurance coverage. *See, e.g.,* Maine Bonding & Casualty Co. v. Douglas Dynamics, Inc., 594 A.2d 353 (Me. 1987) (involving a declaratory judgment action to determine whether the insurer had a duty to defend its insured in a wrongful discharge action); American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247 (Me. 1977) (involving a declaratory action to determine whether the insurer had a duty to defend and indemnify its insurer for losses that occurred in a warehouse fire).

## 2. Duty to Indemnify

The duty to defend is broader than the duty to indemnify. American Policyholders' Ins. Co., 373 A.2d at 250. The duty to defend depends only on the facts as alleged in the complaint while the duty to indemnify depends on the true facts. Northern Security Ins. Co., Inc., 669 A.2d at 1322-1323. Resolution of the indemnification issue ordinarily requires a trial on the merits after the underlying litigation has been resolved.[4] Id. at 1323 (stating that generally courts should defer ruling on indemnity, since facts may come out in the course of the underlying proceedings that are material to the issue);

---

[4] The Law Court in Northern Security Ins. Co., Inc. did not apply this general rule, since all of the parties in the underlying action had stipulated to the facts, thus the indemnity issue was ripe for determination. Northern Security Ins. Co., Inc., 669 A.2d at 1323.

*see also* <u>Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.</u>, 229 F.3d 56, 66 (1ˢᵗ Cir., 2000) (stating the duty to indemnify depends on the facts established at trial and the theory under which the judgment is actually entered against the insured in the underlying action).

In addressing matters involving the *primary* insurer's duties to defend and indemnify, the Law Court has repeatedly held:

> [t]o secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

<u>Penny v. Capitol City Transfer, Inc.</u>, 1998 ME 44, ¶5, 707 A.2d 387 (*citing* <u>Travelers Indem. Co. v. Dingwell</u>, 414 A.2d 220, 227 (Me. 1980)); *see also* <u>Hanover Ins. Co. v. Ngoclien Thi Crocker</u>, 1997 ME 19, ¶1, 688 A.2d 928 (holding "[a]n insurer may not litigate its duty to indemnify until the liability of the insured has been determined) (citations omitted); <u>American Home Assurance Co.</u>, 479 A.2d at 899. The Law Court has recognized a few situations where a declaratory judgment may be entered simultaneously as to both the duty to defend and the duty to indemnify, but these "exceptions" do not apply here.[5]

The Court finds that a stay of an action on an insurer's duty to indemnify pending resolution of a third party suit is appropriate when the coverage question turns on the facts to be litigated in the underlying action. The issue of whether or not International's excess insurance policies provide for indemnification is premature at this time, and

---

[5] For example, when the declaratory action is based on issues such as "nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice," then both duties may be determined prior to the resolution of the underlying action. <u>American Policyholders' Ins. Co.</u>, 373 A.2d at 250 (citations omitted).

cannot be determined until the underlying action has been resolved. Accordingly, the determination of International's duty to indemnify is not ripe for decision.

## Conclusion

The Court is satisfied that the interests of justice and the conservation of scarce judicial resources require International to remain as a Defendant in this case. A motion to dismiss is not the proper vehicle to determine International's duty to defend, rather, the declaratory judgment process is the better practical and efficacious means to resolve disputes over insurance coverage. The question of whether International will eventually have a duty to indemnify Citizens is premature and not justiciable at this time. Accordingly, the entry is:

International's Motion to Dismiss is **DENIED**.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: Feb. 11, 2004

_____
Justice, Maine Superior Court

8

STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET No. CV-02-237
AMM-PEN-2/19/2004

CITIZENS COMMUNICATIONS
COMPANY,

           Plaintiff

v.

AMERICAN HOME ASSURANCE
COMPANY, et al.,

           Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)

AMENDED DECISION
AND ORDER

FILED & ENTERED
SUPERIOR COURT

FEB 19 2004

PENOBSCOT COUNTY

This matter is before the Court on the Defendant's, International Insurance Company's[1], (herein, "**International**") Motion to Dismiss the Plaintiff's, Citizens Communications Company's (**herein, "Citizens"**) Complaint for Failure to State a Claim pursuant to Rule 12(b)(6) of the Maine Rules of Civil Procedure.

## Background

On November 22, 2002, the City of Bangor, Maine commenced suit[2] in the U.S. District Court against Citizens for alleged property damage and diminution of property value from contamination involving materials stored, generated, or disposed of by Citizens at its former manufacturing gas plant in Bangor. The City of Bangor seeks money damages, injunctive relief, and declaratory relief claiming Citizens is responsible for pollution of the Penobscot River from 1851 to 1963. This suit is still pending.

On December 27, 2002, Citizens filed this suit in the Penobscot Superior Court against twenty insurance companies, which (allegedly) issued either primary or excess

---

[1] Now known as TIG Insurance Company.
[2] City of Bangor, Maine v. Citizens Communications Co., Civil Action Docket No. 02-183-13-5 (U.S. Dist. Me., filed Nov. 22, 2002).

1

insurance policies to Citizens, or its predecessor entities, from 1940 through 1986. Citizens seeks a declaration of coverage and an award of money damages regarding the Insurers' defense and indemnity obligations under the primary and excess comprehensive general liability insurance policies as they relate to Citizens' actual and potential liabilities arising from the environmental claims asserted against them in the underlying suit.

The present motion concerns only one of the insurers, International, an excess carrier that Citizens alleges to have provided coverage for damages and costs it incurred, which have arisen out of property damage, diminution of property value and personal injury associated with Citizens' former manufactured gas plant in Bangor. International sold three excess liability insurance policies (policy numbers XSI6244, XDI7469, and CUXO6905-82) to Citizens covering the period from June 1, 1980 to June 1, 1983. Citizens alleges that International has failed to honor its policy obligations by providing indemnity coverage with respect to the underlying suit and claims against Citizens regarding its former manufactured gas plant in Bangor.

International seeks to be dismissed from this lawsuit arguing that according to the terms of the three excess insurance policies at issue, it has no duty to defend Citizens in the underlying suit, and that the question of whether it will eventually have a duty to indemnify Citizens is premature and not justiciable at this time. Citizens responds by arguing that it is entitled to have its principal insurers defend the underlying environmental action brought by the City of Bangor because the allegations of the complaint, along with the terms of the insurance policies, create a potential for liability, thus triggering a duty to indemnify. Citizens further asserts that interests of judicial

2

efficiency and economy weigh heavily against granting International a dismissal without prejudice.

## Discussion

### A. Standard of Review.

A civil action may be dismissed when the complaint fails to state a claim upon which relief can be granted. M.R.Civ.P. 12(b)(6). Such a motion tests the legal sufficiency of the plaintiff's complaint, Plimpton v. Gerrard, 668 A.2d 882, 885 (Me. 1995), and not the sufficiency of the evidence the plaintiff is likely able to present. Barnes v. McGough, 623 A.2d 144, 146 (Me. 1993). The allegations of the complainant are viewed as true for purposes of the motion and cast in a light most favorable to the plaintiff. In re Wage Payment Litigation, 2000 ME 162, ¶3, 752 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. Thompson v. Department of Inland Fisheries and Wildlife, 2002 ME 78, ¶4, 796 A.2d 674.

### B. Applicable Law.

#### 1. Duty to Defend

Environmental or pollution claims that involve continuous or progressive injuries or losses, which span over several policy periods, provide a good example of continuous losses that are problematic and burden our courts as well as the insured and insurer. This is because standard insurance policy provisions do not neatly fit the complex factual scenarios presented by losses that span years or under the circumstances of the case at

hand, decades. This type of continuous loss "triggers"[3] multiple insurance policies, including the three excess insurance policies provided by International to Citizens from 1980 to 1982.

The Law Court has identified two separate but interrelated duties: (1) the duty to defend; and (2) the duty to indemnify. Ordinarily when an insurer challenges the extent of the coverage provided by the insurance policy, these two duties are analyzed separately. American Home Assurance Co. v. Ingeneri, 479 A.2d 897, 898 (Me. 1984). Whether an insurer has a duty to defend its insured against a complaint brought by a third party is a question of law. Northern Security Ins. Co., Inc., v. Dolley, 669 A.2d 1320 (Me., 1996).

Under Maine law, the duty to defend is determined more or less mechanically by comparing the allegations in the underlying lawsuit (here, the City of Bangor's Complaint) with the insurance policy to determine if "there exists any legal or factual basis which could be developed at trial which would obligate the insurers to pay under the policy." United Bank v. Chicago Title Ins. Co., 168 F.3d 37, 39 (1st Cir., 1999) (citing NE Properties, Inc. v. Chicago Title Ins. Co., 660 A.2d 926, 927 (Me. 1995) (citations omitted)). This comparison test is based "exclusively on the facts as alleged rather than

---

[3] "Triggering" occurs when a loss implicates a policy's coverage, subject to the policy's terms and exclusions, and any other coverage defenses the insurer may raise. See Public Service Co. of Colorado v. Wallis & Cos., 986 P.2d 924, 937, n. 11 (Colo. 1999); Montrose Chemical Corp. v. Admiral Ins. Co., 913 P.2d 878 (CA 1995); Rubenstein v. Royal Ins. Co., 694 NE2d. 381, 387, n. 6 (Mass. App. Ct. 1999) aff'd, 708 NE2d. 639 (Mass. 1999). Most courts now employ the "continuous trigger," by triggering any policy on the risk at any time the continuing loss occurred, and requiring the insurers of those triggered policies to either prepare to defend or to prepare to pay up to its policy limits. See Douglas R. Richmond, Rights and Responsibilities of Excess Insurers, 78 DENV. U.L. REV. 29, 77-79 (2000) (citing Public Service Co. of Colo., 986 P.2d at 938, n. 12; Sentinel Ins. Co. v. First Ins. Co. of Haw., 875 P.2d 894, 915 (Haw. 1994)); see also, e.g., Keene Corp. v. Ins. of North America, 667 F.2d 1034, 1041 (D.C. Cir. 1981); New Castle County v. Hartford Accident & Indemnity Co., 933 F.2d 1168 (3d Cir. 1991); Owens Illinois Inc. v. United Ins. Co., 650 A.2d 974, 995 (N.J. 1994); J.H. France Refractories Co. v. Allstate Ins. Co., 626 A.2d 502, 507 (Pa. 1993); Hartford County v. Hartford Mutual Ins. Co., 610 A.2d 286, 294-95 (Md. 1992).

4

on the facts as they are." American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247, 249 (Me. 1977). A duty to defend exists if there is a "*potential* shown in the complaint that the facts ultimately proved may come within coverage . . ." Merrimack Mutual Fire Ins. Co. v. Brennan, 534 A.2d 353, 354 (Me. 1987). In applying this comparison test, the Courts in Maine seek to discourage mini-trials on the issue of the duty to defend. Maine Bonding & Casualty Co. v. Douglas Dynamics, Inc., 594 A.2d 1079, 1080 (Me. 1991). In bringing a declaratory action against its primary and excess insurers, Citizens contends that the insurance policies at issue in this present motion create a duty on behalf of International to indemnify it in the underlying litigation.

The duty to defend is based on the insurance contract. Any doubts as to the insurer's duty to defend raised by the underlying complaint will be resolved in the insured's favor. *See e.g.*, Ritter v. United States Fid. & Guar. Co., 434 F. Supp. 1127, 1129-30 (D. Ark. 1977) (stating, "[i]f there is a question as to whether insurer has a duty to defend, the cardinal rule is that any doubt will be resolved in favor of the insured."); L. Ray Packing Co. v. Commercial Union Ins. Co., 469 A.2d 832, 833 (Me. 1983) (finding that when dealing with pleadings that are vague, indefinite or ambiguous, the insurer has a duty to defend the insured, at least until the pleadings are clarified.

A motion to dismiss is not the proper vehicle to make a determination, even a preliminary one, of the substantive merits. Rather, the declaratory judgment process is the better practical and efficacious means to resolve disputes over insurance coverage. *See, e.g.*, Maine Bonding & Casualty Co. v. Douglas Dynamics, Inc., 594 A.2d 353 (Me. 1987) (involving a declaratory judgment action to determine whether the insurer had a duty to defend its insured in a wrongful discharge action); American Policyholders' Ins.

5

<u>Co. v. Cumberland Cold Storage Co.</u>, 373 A.2d 247 (Me. 1977) (involving a declaratory action to determine whether the insurer had a duty to defend and indemnify its insurer for losses that occurred in a warehouse fire).

## 2. Duty to Indemnify

The duty to indemnify is narrower than the duty to defend. <u>American Policyholders' Ins. Co.</u>, 373 A.2d at 250. The duty to defend depends only on the facts as alleged in the complaint while the duty to indemnify depends on the true facts. <u>Northern Security Ins. Co., Inc.</u>, 669 A.2d 1322-1323. Resolution of the indemnification issue ordinarily requires a trial on the merits after the underlying litigation has been resolved.[4] <u>Id</u>. at 1323 (stating that generally courts should defer ruling on indemnity, since facts may come out in the course of the underlying proceedings that are material to the issue); *see also* <u>Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.</u>, 229 F.3d 56, 66 (1st Cir., 2000) (stating the duty to indemnify depends on the facts established at trial and the theory under which the judgment is actually entered against the insured in the underlying action).

In addressing matters involving the *primary* insurer's duties to defend and indemnify, the Law Court has repeatedly held:

> [t]o secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

<u>Penny v. Capitol City Transfer, Inc.</u>, 1998 ME 44, ¶5, 707 A.2d 387 (*citing* <u>Travelers Indem. Co. v. Dingwell</u>, 414 A.2d 220, 227 (Me. 1980)); *see also* <u>Hanover Ins. Co. v.</u>

---

[4] The Law Court in <u>Northern Security Ins. Co.</u>, Inc. did not apply this general rule, since all of the parties in the underlying action had stipulated to the facts, thus the indemnity issue was ripe for determination. <u>Northern Security Ins. Co., Inc.</u>, 669 A.2d at1323.

6

Ngoclien Thi Crocker, 1997 ME 19, ¶1, 688 A.2d 928 (holding "[a]n insurer may not litigate its duty to indemnify until the liability of the insured has been determined) (citations omitted); American Home Assurance Co., 479 A.2d at 899. The Law Court has recognized a few situations where a declaratory judgment may be entered simultaneously as to both the duty to defend and the duty to indemnify, but these "exceptions" do not apply here.[5]

The Court finds that a stay of an action on an insurer's duty to indemnify pending resolution of a third party suit is appropriate when the coverage question turns on the facts to be litigated in the underlying action. The issue of whether or not International's excess insurance policies provide for indemnification is premature at this time, and cannot be determined until the underlying action has been resolved.

## Conclusion

The Court is satisfied that the interests of justice and the conservation of scarce judicial resources require International to remain as a Defendant in this case. The declaratory judgment process is a practical and efficacious means to resolve disputes over insurance coverage. The question of whether International will eventually have a duty to indemnify Citizens is premature and not justiciable at this time, but is inextricably intertwined with the ultimate outcome of this matter. The court elects to keep all players on the field until that time. Accordingly, the entry is: International's Motion to Dismiss is denied..

Dated: February 18, 2004

_____
Justice, Maine Superior Court

---

[5] For example, when the declaratory action is based on issues such as "nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice," then both duties may be determined prior to the resolution of the underlying action. American Policyholders' Ins. Co., 373 A.2d at 250 (citations omitted).

7

CITIZENS COMMUNICATIONS COMPANY - PLAINTIFF

Attorney for: CITIZENS COMMUNICATIONS COMPANY
VISITING ATTORNEY
VISITING ATTORNEY
-
-  -


Attorney for: CITIZENS COMMUNICATIONS COMPANY
GERALDINE G SANCHEZ
PIERCE ATWOOD
ONE MONUMENT SQUARE
PORTLAND ME 04101


vs
AMERICAN HOME ASSURANCE COMPANY - DEFENDANT

Attorney for: AMERICAN HOME ASSURANCE COMPANY
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: AMERICAN HOME ASSURANCE COMPANY
VISITING ATTORNEY
VISITING ATTORNEY
-
-  -


AMERICAN RE INSURANCE COMPANY - DEFENDANT

Attorney for: AMERICAN RE INSURANCE COMPANY
MARK FUREY
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

Attorney for: AMERICAN RE INSURANCE COMPANY
VISITING ATTORNEY
VISITING ATTORNEY
-
-  -

**DOCKET RECORD**

ASSOCIATED GAS AND ELECTRIC INS SERVICES LTD - DEFENDANT

Attorney for: ASSOCIATED GAS AND ELECTRIC INS
SERVICES LTD
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426

Attorney for: ASSOCIATED GAS AND ELECTRIC INS
SERVICES LTDORNEY
VISITING ATTORNEY
-
-  -


CENTURY INDEMNITY INSURANCE COMPANY - DEFENDANT

Attorney for: CENTURY INDEMNITY INSURANCE COMPANY
PHILLIP E JOHNSON
JOHNSON & WEBBERT, LLP
160 CAPITOL ST
PO BOX 79
AUGUSTA ME 04332-0029


COLUMBIA CASUALTY COMPANY - DEFENDANT

Attorney for: COLUMBIA CASUALTY COMPANY
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


CONTINENTAL CASUALTY COMPANY - DEFENDANT

Attorney for: CONTINENTAL CASUALTY COMPANY
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


CONTINENTAL INSURANCE COMPANY - DEFENDANT

Attorney for: CONTINENTAL INSURANCE COMPANY
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

EMPLOYERS INSURANCE OF WAUSAU - DEFENDANT

Attorney for: EMPLOYERS INSURANCE OF WAUSAU
MICHAEL TRAISTER
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: EMPLOYERS INSURANCE OF WAUSAU
VISITING ATTORNEY
VISITING ATTORNEY
-

-  -


HARBOR INSURANCE COMPANY - DEFENDANT

Attorney for: HARBOR INSURANCE COMPANY
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


HARTFORD ACCIDENT AND INDEMNITY COMPANY - DEFENDANT

Attorney for: HARTFORD ACCIDENT AND INDEMNITY
COMPANYCARTHY
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


HOME INSURANCE COMPANY - DEFENDANT

Attorney for: HOME INSURANCE COMPANY
ROBERT L CIOCIOLA
LITCHFIELD CAVO
6 KIMBALL LANE, SUITE 100
LYNNFIELD MA 01940


Attorney for: HOME INSURANCE COMPANY
GABRIEL DM CIOCIOLA
LITCHFIELD CAVO
6 KIMBALL LANE, SUITE 100
LYNNFIELD MA 01940

INTERNATIONAL INSURANCE COMPANY - DEFENDANT

Attorney for: INTERNATIONAL INSURANCE COMPANY
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: INTERNATIONAL INSURANCE COMPANY
JOHN B LUCY
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429

CERTAIN UNDERWRITERS AT LLOYDS & - DEFENDANT

Attorney for: CERTAIN UNDERWRITERS AT LLOYDS &
SEAN P JOYCE
JOYCE & JOYCE LLC
111 COMMERICAL   STREET
PO   BOX 48
PORTLAND ME 04112-0048

MARYLAND CASUALTY COMPANY - DEFENDANT

Attorney for: MARYLAND CASUALTY COMPANY
MARTICA DOUGLAS
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112

MT MCKINLEY INSURANCE COMPANY - DEFENDANT

Attorney for: MT MCKINLEY INSURANCE COMPANY
ROBERT L CIOCIOLA
LITCHFIELD CAVO
6 KIMBALL LANE, SUITE 100
LYNNFIELD MA 01940

Attorney for: MT MCKINLEY INSURANCE COMPANY
GABRIEL DM CIOCIOLA
LITCHFIELD CAVO
6 KIMBALL LANE, SUITE 100
LYNNFIELD MA 01940

Printed on: 02/11/2004

NORTHBROOK NATIONAL INSURANCE COMPANY - DEFENDANT

Attorney for: NORTHBROOK NATIONAL INSURANCE
COMPANYGROFF
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


NORTH STAR REINSURANCE CORP - DEFENDANT

Attorney for: NORTH STAR REINSURANCE CORP
JASON M JABAR
JABAR BATTEN RINGER & MURPHY
ONE CENTER STREET
WATERVILLE ME 04901-5495


THE NORTHERN ASSURANCE COMPANY - DEFENDANT

Attorney for: THE NORTHERN ASSURANCE COMPANY
VISITING ATTORNEY
VISITING ATTORNEY
-

-  -


Attorney for: THE NORTHERN ASSURANCE COMPANY
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


PEERLESS INSURANCE COMPANY - DEFENDANT

Attorney for: PEERLESS INSURANCE COMPANY
JAMES D POLIQUIN
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

UNIGARD MUTUAL INSURANCE COMPANY - DEFENDANT

Attorney for: UNIGARD MUTUAL INSURANCE COMPANY
VISITING ATTORNEY
VISITING ATTORNEY
-

- -


Attorney for: UNIGARD MUTUAL INSURANCE COMPANY
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


ALLIANZ UNDERWRITERS INSURANCE COMPANY - DEFENDANT

Attorney for: ALLIANZ UNDERWRITERS INSURANCE
COMPANY TUCKER
TUCKER & DOSTIE, PA
PO BOX 696
BANGOR ME 04402-0696


FIRST STATE INSURANCE COMPANY - DEFENDANT
REPUBLIC INSURANCE COMPANY - DEFENDANT

Attorney for: REPUBLIC INSURANCE COMPANY
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


SENTRY INSURANCE COMPANY - DEFENDANT

Attorney for: SENTRY INSURANCE COMPANY
CHRISTINE KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112


ST PAUL SURPLUS LINES INSURANCE COMPANY - DEFENDANT

Attorney for: ST PAUL SURPLUS LINES INSURANCE
COMPANYUKAC
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


TWIN CITY FIRE INSURANCE COMPANY - DEFENDANT

SEATON INSURANCE COMPANY - DEFENDANT

Attorney for: SEATON INSURANCE COMPANY
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799


GREENWICH INSURANCE COMPANY - DEFENDANT

Attorney for: GREENWICH INSURANCE COMPANY
GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


ALLSTATE INSURANCE COMPANY - DEFENDANT

Attorney for: ALLSTATE INSURANCE COMPANY
JOSEPH GROFF
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/27/2002

## Docket Events:

12/27/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/27/2002
           (EXHIBIT A ATTACHED)

12/27/2002 Party(s):  CITIZENS COMMUNICATIONS COMPANY
           ATTORNEY - RETAINED ENTERED ON 12/27/2002
           Plaintiff's Attorney: GERALDINE G SANCHEZ

12/27/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/27/2002
           TO PLAINTIFF'S ATTORNEY.

02/13/2003 Party(s):  AMERICAN HOME ASSURANCE COMPANY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 02/13/2003

02/13/2003 Party(s):  AMERICAN HOME ASSURANCE COMPANY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 02/11/2003
           AS TO DEFENDANT AMERICAN HOME ASSURANCE CO.

02/19/2003 Party(s):  ASSOCIATED GAS AND ELECTRIC INS SERVICES LTD
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 02/19/2003

02/19/2003 Party(s):  ASSOCIATED GAS AND ELECTRIC INS SERVICES LTD
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 02/13/2003

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-02-237

FILED & ENTERED
SUPERIOR COURT

JUN 07 2005

PENOBSCOT COUNTY

CITIZENS COMMUNICATIONS )
COMPANY, )
    Plaintiff, )
         )
         )
    v.     )
         )
         )
ALLIANZ UNDERWRITERS )
INSURANCE COMPANY, et al., )
    Defendants. )

**ORDER ON MOTIONS**
**REPORT OF CONFERENCE OF COUNSEL**

   A hearing was held on April 29, 2005, to address the pending motions to compel and requests for discovery dispute conferences and to review the current status of this matter. The parties submitted an agreed agenda for the hearing which was adopted and used by the court.

   The court's rulings must be placed in the context of the history and current configuration of this matter. The Plaintiff finds itself in the unhappy circumstance of potentially "holding the bag" of responsibility for many decades of ownership or operation of the Bangor manufactured gas plant site where it is alleged that significant costs will be incurred for environmental cleanup. The Plaintiff's liability for the cleanup will be established in collateral legal proceedings. This lawsuit is intended to clarify and delineate lines of responsibility of the insurance carriers for the Plaintiff and its predecessors.

   The Plaintiff is unable to procure copies of the insurance contracts for many of the periods of time for which it is alleged that cleanup expenses will be incurred. The Plaintiff represents that it has exhausted all currently existing avenues of opportunity to obtain the contracts. In this action, it asks the suspected insurance (and reinsurance) carriers for their copies of contractual and collateral information. In some instances this has occurred. In others, the putative carriers assert that they have no apparent record of such contracts or information regarding the provisions of such contracts.

   Parties have exchanged discovery requests which involve, in some instances, rather sweeping language. To paraphrase, some of the requests essentially state: "Search all of your corporate records, and those of your predecessors, and speak with all of your employees and report everything which may relate, in any way, to insurance contracts involving the Bangor manufactured gas plant site." In an ideal world, every bit of data or information within an organization would be neatly indexed and filed in a searchable database which could be queried in a moment's time. In reality, prior to the electronic age, businesses maintained records in very individualized and *ad hoc* manners. Unless there has been some sort of consistent filing and archiving system

instituted by all organizations (and its subsidiaries and predecessors), subsequent searches for records may be reduced to a document-by-document basis. The court's Order herein attempts to strike a balance between the compelling need for information which may be contained within another party's corporate organization and the realities of undertaking an oppressive and potentially pointless search.

After hearing, and upon the parties' written submissions, the court rules as follows:

## 1. Citizens Communication Company's (herein, "Citizens") Motion to Compel concerning reinsurance information, interpretative information and reserve information.

Although the Plaintiff refers to this matter as a "lost policy" claim, the parties agree that eight of the named Defendants do not fall within that category.[1] Accordingly, this Order does not affect or involve any Defendant who is not in the "lost policy" group.

Although a Motion to Compel ordinarily asks the court to conduct an individualized request-by-request review, the court will attempt to establish broad guidelines by which each request may be interpreted. If greater clarity is required, any party may request such, but the court is hopeful that a spirit of cooperation and a reasonable interpretation of the order will suffice.

At the very heart of the issue is the fact that the named Defendants have an unconditional affirmative duty to conduct a reasonable, good faith search of their records for evidence of a contract of insurance for the Plaintiff or its predecessors. If such contract (or collateral evidence of such) exists, it must be produced. The Defendants do not deny the existence of this obligation in principal. The issue focuses upon the magnitude of the search which must be undertaken.

Clearly any search must be limited to time periods where the evidence would be likely to be found - the period during which the Plaintiff asserts that the particular carrier provided coverage. If no evidence is located within that time, it is unlikely that any evidence would be recovered elsewhere. Accordingly, the Plaintiff must provide to each putative insurer the dates during which it is suspected that the carrier provided coverage.[2] Each such carrier shall engage in a good faith search for coverage documents

---

[1] At the hearing, Republic insurance asserts that it also falls into the "non-lost policy" category.

[2] During argument, the Plaintiff asserts that it has already provided evidence of the suspected periods of coverage. Indeed, the Second Amended Complaint sets out periods of coverage. However, one or more carriers has expressed uncertainty regarding the time periods. If any carrier continues to have uncertainty regarding the period during which Plaintiff believes it provided coverage, it may make a request (by correspondence or otherwise) to Plaintiff's counsel for clarification and Plaintiff shall respond within 10 days specifying the suspected periods of coverage for that carrier.

or evidence **during that period plus one year before and after the alleged coverage period.**[3]

A good faith search for the policies shall include, at a minimum, the following:

1. An electronic search of all electronic storage media (i.e.- query to databases) seeking the name of the alleged insured;
2. A search of alphabetized index systems (using the name of the alleged insured);
3. The search shall be conducted by (or supervised by) a senior claims manager (who shall be identified by name and address in the response) with knowledge of the organization's filing and storage systems;
4. The search shall include the principal carrier or organization named in the Complaint and any subsidiaries, associates, or predecessors who may have written the policy (in the case of subsidiaries, associates or predecessors, the senior claims manager of the principal carrier as noted in item 3, above, may satisfy this requirement by making appropriate request for the search upon the subsidiary, associate or predecessor if he or she does not have direct access to the records and shall report the response from the other organization);

In addition to searching for the actual policies or evidence of its contents (such as premium statements or correspondence), the Defendants shall also conduct a search for any standardized forms or language relating to pollution or environmental coverage for the dates specified.

A good faith search for standardized forms or language relating to pollution or environmental coverage would include, at a minimum, the following:

1. A search of any library of forms or language kept by a Defendant which would contain such forms or language for such coverage which are noted specifically to be in use at the specified times;
2. If no such library exists, inquiry should be made of an employee who would have knowledge of any such forms or language in use at the specified times;
3. This search and/or inquiry should be made by a senior claims manager (who shall be identified by name and address in the response) with knowledge of the organization's structure and organization.

Defendants who are named only as reinsurers need not undertake the searches outlined above except that they must undertake an alphabetical search of any existing index of insured for the dates specified. Contracts of reinsurance shall be produced subject to the existing Order regarding confidentiality and privilege. Any party seeking to withhold a policy of reinsurance from disclosure must file a motion seeking such.

---

[3] The court is aware that the Defendants' filing systems probably are not set up on a strictly chronological basis. However, to the extent that searches may be defined by time periods, they may be so limited.

Plaintiff asserts that reinsurance and interpretive information is necessary to construe terms and conditions of the various policies of insurance. For any instance where a policy is found to exist, the Defendant providing such coverage shall disclose the name of any reinsurer sharing the risk. Regarding "interpretative material," the court declines to order search and disclosure of such at the present time subject to a later reconsideration of this ruling if appropriate.

The court declines to order disclosure of reserve information at this time.

## 2. The London Insurers' Group's[4] Motion to Compel Citizens to respond to the London Insurers' Group's Supplemental Interrogatories.

Despite the London Insurers' Group's late propounding of interrogatories to the Plaintiff, the court nevertheless orders the Plaintiff to respond to them within thirty days of this Order noted below.

## 3. Citizens' request for an order compelling the London Insurers' Group to respond to Citizens' second set of interrogatories.

The London Insurers' Group has had a difficult time responding to the Plaintiff's second set of interrogatories due to the breadth and age of the material requested and the extreme complexity of the current organization structure of the London Insurers' Group. While not waiving any objections,[5] the London Insurers' Group offered to tender the remainder of the information obtained within seven days from the date of hearing.

The court has been advised on May 10, 2005, that theLondon Market Insurers have tendered their responses to the second set of interrogatories and that no further action is necessary on Citizens' motion to compel. Accordingly, Citizens' motion is dismissed as moot.

## 4. Citizens' request for insurer-to-insurer communications (withheld on purported common interest grounds).

Defendants oppose the Plaintiff's efforts to discover details of communication between them (and their subsidiaries or predecessors in interest) regarding the circumstances of this matter citing the common interest doctrine. The Plaintiff argues that the various Defendants and their subsidiaries and predecessors in interest are not so united in interest as to properly invoke the common interest defense to the request for details of communication between them.

---

[4] The court will refer to Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies and other carriers who join in the consolidated pleadings and defenses collectively as "the London Insurer's Group."

[5] The Plaintiff argues that any objections are now waived by operation of law due to the passage of time for response (including any extensions agreed upon by the parties). This issue is not reached by the court at this time.

The court will defer ruling upon this issue until the parties have had an opportunity to submit their legal arguments by brief. Accordingly, the briefs upon this issue should be simultaneously submitted to the court within twenty days after the issuance of this Order and responses should be filed ten days thereafter. No oral argument is anticipated unless a party makes a compelling request for such.

From the date of April 29, 2005, until the entry of an order on this issue by the court, all insurer-to-insurer communications relating to the defense of this matter are deemed confidential and not subject to discovery by any party.

## 5. The London Insurers' Group's request for more particularized responses from Citizens to their joint interrogatories.

The Plaintiff's response to the London Insurers' Group's joint interrogatories consists largely of references to a large body of documentary materials. The London Insurers' Group seeks greater specificity and detail.[6]

The Plaintiff reports that it has approximately 700 pages of materials within its own organization which may supply some of the specific information sought in the interrogatories. The Plaintiff has obtained additional documents totaling in excess of 20,000 pages from other sources which may provide additional information. The court understands the Plaintiff to represent that these documents constitute virtually the entire knowledge base available to it from which the information for the interrogatory answers may be gleaned. The Plaintiff represents that it is not seeking to withhold or protect any of this documentary information from disclosure. If Plaintiff has undertaken any effort to organize these documents or the data contained within them, the Plaintiff shall so notify the Defendants and shall produce the same unless a request to protect is filed with the court.

While a "document dump" ordinarily is not an appropriate or acceptable method for answering interrogatories, the unique circumstances of this matter call for creative approaches to the logistical issues confronting the parties. The court will allow the use of a large document production to satisfy some of the interrogatories, but only upon a the tendering of a supplemental response in accordance with the following provisions:

1. The Plaintiff will disclose the origin of each document (or group of documents). For instance all documents obtained "in house" from the Plaintiff's own corporate records will be identified as such. If other groups of records were obtained from predecessors in interest, or from an adverse party in other litigation, they shall be identified as such.

2. If Plaintiff seeks to specifically withhold any of the 20,000+ documents on the basis or privilege, confidentiality or any other theory, it must identify any such

---

[6] Specifically the London Insurers' Group seeks an itemized privilege log, an identification of the source of corporate knowledge (i.e.- which corporate entity is making each statement) and greater elaboration as noted in attorney Saucier's letter of March 7, 2005.

document in a privilege log. At oral argument, the court understood the Plaintiff to represent that none of the 20,000+ documents or materials were being withheld on any theory. If that is the case, the supplemental responses will expressly provide that no documents are being withheld upon objection of any sort.

The court finds that the Plaintiff has failed to tender an appropriately individualized response to many of the interrogatories and has frequently offered repetitive boilerplate language of objection. For instance, Interrogatory 3 asks for the Plaintiff's acknowledgement of dates upon which it owned or controlled the site. The Plaintiff's response could be reasonably paraphrased as: "Look at the 20,000 pages of documents we provided and figure it out for yourself." This is patently inadequate. The Defendants are entitled to have the Plaintiff commit itself in writing to matters which are clearly within its corporate knowledge or control.

Plaintiff is ordered to provide supplemental answers to individual interrogatories (as numbered in the original interrogatories) as follows: 1 - A document production, as described above will suffice. 2- A document production, as described above will suffice in part, but the Plaintiff will identify other individuals known to the current corporate ownership who have knowledge of the facts alleged in the Complaint. Any individual not referenced in this answer or within the documents surely will not be allowed to testify at trial. 3 - An answer will be provided. 4 - A document production, as described above will suffice. 5 - A document production, as described above will suffice. 6 - A document production, as described above will suffice. 7 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 8 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 9- An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 10 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 11 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 12 - Objection is sustained. 13- An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 14 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 15 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 16 - If Citizens has detailed knowledge of any specific "...abrupt and accidental discharges or releases of pollutants..." it shall provide the details including dates and particulars of such. Additionally, reference to the document production, as described above, may be

included as part of the answer to this interrogatory. 17- An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 18 - If Citizens has detailed knowledge of any specific "...fires and/or explosions..." it shall provide the details including dates and particulars of such. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 19 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 20 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 21 Objection is sustained. 22 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 23 - Current answer is sufficient. 24 - Answer is sufficient. 25 - Answer is sufficient. 26 - Answer is sufficient. 27 - Objection is sustained. 28 - - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 29 - Answer is sufficient. 30 - Answer is sufficient. 31 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 32 - Answer is sufficient. 33 - - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 34 - Objection is deferred by the court to a later date. 35 - - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 36 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 37 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 38 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 39 - Answer is sufficient. 40 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 41 - Objection is sustained. 42 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 43 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 44 - reference to the document production, as described above, may be included as part of the answer to this interrogatory. 45 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 46 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 47 - Objection sustained. 48 - Answer is sufficient. 49 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 50 - An answer will be

provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 51 - Answer is sufficient. 52 - An answer will be provided to the best of the knowledge of the current corporate personnel. Additionally, reference to the document production, as described above, may be included as part of the answer to this interrogatory. 53 - Objection is sustained. 54 - Objection is sustained. 55 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 56 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 57 - Provide answer. 58 - Answer. 59 - Reference to the document production, as described above, may be included as part of the answer to this interrogatory. 60 - Objection is sustained.

So Ordered.

The Clerk may incorporate this Order upon the docket by reference.

Dated: June 7, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

# STATE OF MAINE

SUPERIOR COURT
PENOBSCOT, ss.

Docket No. BANSC-CV-2002-00237

## NOTICE OF HEARING

Honorable Andrew M. Mead, presiding

CITIZENS COMMUNICATIONS COMPANY
Vs.
AMERICAN HOME ASSURANCE COMPANY
AMERICAN RE INSURANCE COMPANY
ASSOCIATED GAS AND ELECTRIC INS SERVICES LTD
CENTURY INDEMNITY INSURANCE COMPANY
COLUMBIA CASUALTY COMPANY
CONTINENTAL CASUALTY COMPANY
CONTINENTAL INSURANCE COMPANY
EMPLOYERS INSURANCE OF WAUSAU
GREENWICH INSURANCE CO
HARTFORD ACCIDENT AND INDEMNITY COMPANY DISMI
HOME INSURANCE COMPANY          DISMISSED
NORTHBROOK NATIONAL INSURANCE COMPANY Now known as   TIG INSURANCE COMPANY
CERTAIN UNDERWRITERS AT LLOYDS &
MARYLAND CASUALTY COMPANY
MT MCKINLEY INSURANCE COMPANY
ALLSTATE INSURANCE CO
NORTH STAR REINSURANCE CORP
THE NORTHERN ASSURANCE COMPANY
PEERLESS INSURANCE COMPANY
SEATON INSURANCE COMPANY
ALLIANZ UNDERWRITERS INSURANCE COMPANY
FIRST STATE INSURANCE COMPANY DISMISSED
REPUBLIC INSURANCE COMPANY
SENTRY INSURANCE COMPANY
ST PAUL SURPLUS LINES INSURANCE COMPANY
TWIN CITY FIRE INSURANCE COMPANY DISMISSED
GREAT SOUTHWEST FIRE INSURANCE COMPANY

To: GERALDINE G SANCHEZ
    PIERCE ATWOOD
    ONE MONUMENT SQUARE
    PORTLAND ME 04101

FILED & ENTERED
SUPERIOR COURT
MAR 02 2005
PENOBSCOT COUNTY

All pending motions will be heard.

This is to notify you that a hearing has been scheduled for PRETRIAL/STATUS Conference 04/29/2005 at 09:00 a.m. ** at the above named court located at:

PENOBSCOT COUNTY SUPERIOR COURT
97 HAMMOND ST
BANGOR ME 04401

** Attendance by Counsel for defendants is not mandatory except for counsel who are organizing the consolidated response(s). Any counsel who choose not to attend may submit their position in writing. No party will be defaulted or prejudiced for declining to attend.

Date: 03/02/2005
CV-103, Rev. 09/1997                    Page 1  of 4



Clerk

cc:

JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546
(Attorney for AMERICAN HOME ASSURANCE COMPANY)

MARK FUREY
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447
(Attorney for AMERICAN RE INSURANCE COMPANY)

JOHN CIRALDO
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426
(Attorney for ASSOCIATED GAS AND ELECTRIC INS SERVICES LTD)

PHILLIP E JOHNSON
JOHNSON & WEBBERT, LLP
160 CAPITOL ST
PO BOX 79
AUGUSTA ME 04332-0029
(Attorney for CENTURY INDEMNITY INSURANCE COMPANY)

GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630
(Attorney for COLUMBIA CASUALTY COMPANY)

GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630
(Attorney for CONTINENTAL CASUALTY COMPANY)

GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630
(Attorney for CONTINENTAL INSURANCE COMPANY)

MICHAEL TRAISTER
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085
(Attorney for EMPLOYERS INSURANCE OF WAUSAU)

GLENN ROBINSON
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630
(Attorney for GREENWICH INSURANCE CO)

ROBERT L CIOCIOLA
LITCHFIELD CAVO
6 KIMBALL LANE, SUITE 100
LYNNFIELD MA 01940
(Attorney for HOME INSURANCE COMPANY DISMISSED)

JOHN B LUCY
RICHARDSON WHITMAN LARGE & BADGER

ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429
(Attorney for NORTHBROOK NATIONAL
INSURANCE COMPANY)

SEAN P JOYCE
JOYCE & JOYCE LLC
111 COMMERICAL   STREET
PO   BOX 48
PORTLAND ME 04112-0048
(Attorney for CERTAIN UNDERWRITERS AT
LLOYDS &)

MARTICA   DOUGLAS
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112
(Attorney for MARYLAND CASUALTY COMPANY)

JOSEPH   GROFF
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112
(Attorney for ALLSTATE INSURANCE CO)

JASON M JABAR
JABAR BATTEN RINGER & MURPHY
ONE CENTER STREET
WATERVILLE ME 04901-5495
(Attorney for NORTH STAR REINSURANCE
CORP)

JEFFREY   BENNETT
THE   BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799
(Attorney for THE NORTHERN ASSURANCE
COMPANY)

JAMES D POLIQUIN
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112
(Attorney for PEERLESS INSURANCE COMPANY)

JEFFREY   BENNETT
THE   BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799
(Attorney for SEATON INSURANCE COMPANY)

RICHARD   TUCKER
TUCKER & DOSTIE, PA
PO BOX 696
BANGOR ME 04402-0696
(Attorney for ALLIANZ UNDERWRITERS
INSURANCE COMPANY)

JEFFREY   BENNETT
THE   BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799
(Attorney for REPUBLIC INSURANCE COMPANY)

CHRISTINE   KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112
(Attorney for SENTRY INSURANCE COMPANY)

DIANE   LUKAC
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029
(Attorney for ST PAUL SURPLUS LINES
INSURANCE COMPANY)

CHRISTINE   KENNEDY-JENSEN
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112
(Attorney for GREAT SOUTHWEST FIRE
INSURANCE COMPANY)

HARTFORD ACCIDENT AND INDEMNITY COMPANY   MT MCKINLEY  INSURANCE COMPANY
DISMI

FIRST STATE INSURANCE COMPANY DISMISSED   TWIN CITY FIRE INSURANCE COMPANY
                                          DISMISSED